IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.    Rabekah Crow,<br><br>        Plaintiff,<br><br>v.<br><br>1.    Fastenal Company,<br><br>        Defendant. | Case No. 13-CV-691-GKF-TLW |

## COMPLAINT

**COMES NOW** Plaintiff, Rabekah Crow ("Plaintiff"), by and through her attorney of record Rex W. Thompson, Donald M. Bingham, and Melvin C. Hall, of Riggs, Abney, Neal, Turpen, Orbison & Lewis, and herein files this Complaint against Defendant, Fastenal Company ("Fastenal" or "Defendant"). In support of this Complaint, Plaintiff states as follows:

### PRELIMINARY STATEMENT

1.    This action arises under the provisions of Title VII of the Civil Rights Act of 1964 as amended, and 42 U.S.C. § 2000e. Plaintiff is seeking declaratory relief, injunctive relief, and damages to address the deprivation of her rights due to discriminatory and retaliatory practices due to her gender.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff has raised federal claims.

3. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Plaintiff resides in the District and Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district, and because all of the acts underlying this lawsuit occurred in this district.

## PARTIES

4. Plaintiff is a female American citizen of the United States and the State of Oklahoma. Plaintiff is a resident of Bartlesville, Washington County, and this judicial district. Plaintiff had been successfully and continuously employed with the Defendant from March 24, 2008 to August 30, 2012, until she was terminated due to her gender and for reporting gender-based discrimination.

5. Defendant is an international industrial and construction supply distributor head quartered in Winona, Minnesota and employees over 15,000 people world wide. The store where Plaintiff worked is located in Bartlesville, Oklahoma. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq.

## EXHAUSTION OF CONDITIONS PRECEDENT

6. On or about October 24, 2012, and within 300 days of the discriminatory conduct outlined in this Complaint, Plaintiff filed a charge with the EEOC alleging gender-based discrimination and retaliation.

7. Plaintiff, on or about July 24, 2012, received a right to sue letter from the Oklahoma City Area office of the United States Equal Employment Opportunity Commission ("EEOC"), entitling her to proceed with this Civil Action within 90 days of the

date of the receipt of said notices. This action was initiated within 90 days of Plaintiff's receipt of the notices of right to sue.

## STATEMENT OF THE CASE

8. Plaintiff's supervisor, Chad Cox, General Manager from 2008 through her date of termination, repeatedly treated Plaintiff differently than the Plaintiff's male co-workers. The treatment included the use of profanity toward the Plaintiff, loss of temper to the point of punching a wall, removal of customers from Plaintiff account lists, increased requirements for job performance and other adverse actions. No legitimate business reason for the different treatment exists.

9. In December of 2011, while Plaintiff was on maternity leave, Chad Cox, General Manger, called her and made her come in and work for him while he was out of town. Plaintiff advised she would have to bring her newborn son in with her to do the work. Chad Cox refused to pay her for her work performed. A male employee was available to perform this job duty and was actually at work, but was not requested to do this task.

10. From 2010-2012, Plaintiff made numerous calls, complaints, and had meetings with Fastenal employees asserting her claims of gender-based discrimination. These claims were made directly to Chad Cox, General Manager, and Ed Boyce, District Manager. No action was taken based upon these complaints.

11. From 2010-2012, Plaintiff made numerous calls to Human Resources of Fastenal claiming gender-based discrimination, and nothing was done by Human Resources. No investigation or interviews were ever conducted by anyone at Fastenal regarding her claims.

12.     On July 6, 2012, Plaintiff drove to Tulsa, Oklahoma on her personal day off to meet with the District Manager, Ed Boyce, about the discriminatory treatment she had been receiving from her General Manager, Chad Cox, at the Fastenal branch in Bartlesville, Oklahoma. Plaintiff was told by the District Manager that he was going to be calling and talking to all the employees at the branch to find out what was going on and address the issue. No actions were taken by Ed Boyce, District Manager, to address or correct the discrimination.

13.     On August 24, 2012, Plaintiff called Fastenal Human Resources Department from the Fastenal work phone at approximately 2:30 p.m., and left a message regarding her complaints. She was not contacted.

14.     On August 27, 2012, Plaintiff called Fastenal Human Resources again about the discrimination actions, and did not receive a call back by Human Resources of Fastenal Company.

15.     On August 27, 2012, Plaintiff called Fastenal Human Resources Legal Department from her cellular phone at approximately 8:15 a.m. and left a message that she needed to speak to someone about the discriminatory action. Plaintiff received no return call.

16.     On August 29, 2012, Plaintiff called the Executive Vice President of Human Resources of Fastenal Company and spoke with Reyne Wisecup. Ms. Wisecup told Plaintiff she would call the district manager and her general manager and talk to them about her claims.

17.     On August 29, 2012, Ms. Wisecup, from Human Resources, called Plaintiff back and told her that Ed Boyce wanted to have a meeting on August 30, 2012, and for Plaintiff to go into work.  Ms. Wisecup said, "He will go over the details tomorrow."

18.     On August 29, 2012, after Ms. Wisecup had called and talked to Plaintiff, a female from the Fastenal Legal Department gave Plaintiff a call at approximately 4:00 p.m. and asked Plaintiff what she needed.  Plaintiff told her she had already spoken with Ms. Wisecup and a meeting was scheduled with Ed Boyce for her to discuss the issues.

19.     On August 30, 2012, Plaintiff went to work as she was told to do by Ms. Wisecup, and she was called into Chad Cox's office. Ed Boyce was present and informed Plaintiff he had decided to let her go."  Plaintiff inquired as to the reason and Mr. Boyce said, "I think you know why."

20.     No legitimate, non-discriminatory or non-retaliatory business reason exists for Plaintiff's past treatment by her male supervisors, Chad Cox and Ed Boyce, which include, but are not limited to, her termination.

## COUNT I
## GENDER-BASED DISCRIMINATION
## IN VIOLATION OF TITLE VII

21.     Plaintiff incorporates by reference all previous allegations.

22.     Defendant has engaged in intentional, unlawful employment practices, and policies in violation of 42 U.S.C. § 2000e et seq.  The discriminatory practices include, but are not limited to allowing Plaintiff to be discriminated against based upon her gender.

23.     Plaintiff has been damaged as a result of the actions of Defendant.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

24. Plaintiff incorporates by reference all previous allegations.

25. Defendants have engaged in intentional, unlawful employment practices, and policies in violation of 42 U.S.C. § 2000e *et seq*. The retaliatory practices include, but are not limited to, the termination of Plaintiff and failure to investigate any of Plaintiff's claims prior to her termination.

26. Plaintiff has been damaged as a result of the actions of Defendants.

### PRAYER FOR RELIEF FOR COUNT I AND COUNT II

**WHEREFORE**, Plaintiff seeks to recover against Defendant:

a. Declaratory relief declaring that Defendant's conduct toward Plaintiff was discriminatory and retaliatory in violation of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e *et seq*.

b. Actual damages in the form of back pay and lost wages.

c. Compensatory damages for pain, emotional distress, physical illness, humiliation, and embarrassment emanating from Defendant's conduct and treatment of Plaintiff.

d. Injunctive relief requiring Defendant to reinstate Plaintiff to her former position, and at a minimum, to implement written policies and procedures to prevent gender-based discrimination and retaliation against individuals such as Plaintiff who complained about gender-based discrimination and are retaliated against for doing so.

  e. Punitive damages for Defendant's willful and wanton deprivation of Plaintiff's federally protected civil rights.

  f. Reasonable attorney fees and court costs, as well as such other relief as the Court deems appropriate.

            Respectfully submitted,

            /s/ Rex W. Thompson
            Rex W. Thompson, OBA No. 13122
            Donald M. Bingham, OBA No. 794
            Melvin C. Hall, OBA No. 3728
            RIGGS, ABNEY, NEAL, TURPEN,
             ORBISON & LEWIS
            502 West 6th Street
            Tulsa, OK 74119
            918-587-3161 - Telephone
            918-587-9708 - Fax
            Email: rthompson@riggsabney.com
            ATTORNEYS FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**